IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN L. BALLARD,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>ROB JEFFREYS,<br><br>　　　　　　Respondent. | **8:25CV547**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on a motion for appointment of counsel (the "Motion to Appoint Counsel"), Filing No. 10, and a motion for copies (the "Motion for Copies"), Filing No. 11, filed by Petitioner Kevin L. Ballard ("Petitioner"). For the reasons that follow, the Motion for Copies shall be granted but the Motion to Appoint Counsel shall be denied without prejudice.

### I.  MOTION FOR COPIES

In his Motion for Copies Petitioner, who is proceeding in forma pauperis, *see* Filing No. 8, seeks a copy of his September 9, 2025, Petition, Filing No. 11. He contends that because he is incarcerated, he must handwrite all legal documents, and it is nearly "impossible" for him to obtain copies. *Id.* at 1. He seeks a copy of his Petition so that he can accurately respond to any responsive pleadings filed by Respondent. *Id.*

As an initial matter, the fact that Petitioner was allowed to proceed in forma pauperis does not entitle him to receive copies of documents without payment. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472

F.2d 1077, 1078 (8th Cir. 1973)). However, as this is Petitioner's first request, the Court shall grant Petitioner's Motion for Copies and shall instruct the Clerk's Office to send a file-stamped copy of Filing No. 1 to Petitioner.

The Court warns Petitioner that no further motions for copies shall be granted. Instead, if Petitioner requires additional copies of court documents, he should contact the clerk's office to determine the proper method of requesting and paying for copies. *See* NEGenR 1.3(a)(1)(A)(iii) ("Paper and certified copies of electronically filed documents may be purchased from the clerk for a fee collected under 28 U.S.C. § 1914.").

## II. MOTION TO APPOINT COUNSEL

Petitioner seeks appointment of counsel arguing that appointment is appropriate as he is unable to pay for private counsel and as Petitioner is concerned that due to the individuals and issues involved in his Petition that he will be stripped of access to the law library or other legal resources in retaliation for filing his Petition. Filing No. 10. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The Court finds there is no need for the appointment of counsel at this at this early state of the proceedings as Respondent has not yet filed a response to the Petition, therefore the Court cannot yet ascertain the potential

complexities of the case. Moreover, Petitioner complains not of a lack of access to legal materials currently, but a potential loss of access in the future. Appointing counsel to prevent a purely hypothetical issue is inappropriate.

The Motion to Appoint Counsel, Filing No. 10, shall therefore be denied without prejudice. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Copies, Filing No. 11, is granted to the extent Petitioner seeks copies of his Petition, Filing No. 1.

2. Petitioner's Motion to Appoint Counsel, Filing No. 10, is denied without prejudice.

3. The Clerk's Office is instructed to provide Petitioner a copy of Filing No. 1.

Dated this 29th day of October, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge