IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN L. BALLARD,

        Petitioner,

vs.

ROB JEFFREYS,

        Respondent.

8:25CV547

**MEMORANDUM AND ORDER**

      This matter is before the Court on six motions filed by Petitioner Kevin L. Ballard ("Petitioner"). Specifically, Petitioner filed a motion seeking a preliminary injunction (the "Preliminary Injunction Motion"), Filing No. 14; a motion for default judgment (the "Default Judgment Motion"), Filing No. 19; a "Motion for Objection of Respondents Responsive Pleading Deadline Being Pushed Back at All" (the "Objection to Deadline Extension Motion"), Filing No. 20; a motion seeking the appointment of counsel (the "Motion to Appoint Counsel"), Filing No. 21; a motion seeking various documents and records (the "Discovery Motion"), Filing No. 24; and a motion for an extension to serve Respondent (the "Motion for Service Extension"), Filing No. 26.

      For the reasons set forth below the Court finds that all the motions shall be denied.

## I. THE PRELIMINARY INJUNCTION MOTION

      Petitioner seeks an order to show cause for a preliminary injunction, enjoining "Defendant, the successors in office, agents and employees and all other officers and persons acting in concert and participation with them" from instituting "forced disciplinary actions" against Petitioner which have resulted or will result in a loss of Petitioner's good time credits. Filing No. 14. In his

Petition, Petitioner challenges his continued incarceration via 28 U.S.C. § 2254, arguing that his good time credits have been miscalculated, resulting in his being held "without any legal authority for 40 months." Filing No. 1 at 3. However, in his Preliminary Injunction Motion Petitioner seeks to enjoin various employees at the Tecumseh State Correctional Institution, where he is currently housed, from what he contends are retaliatory actions against him due to his filing various lawsuits, which allegedly affect (or has affected) his ability to earn good time credits. Filing No. 14. A habeas petition brought pursuant to 28 U.S.C. § 2254 is not the appropriate place to bring such claims.

While the appropriate means to challenge state court convictions and sentences is 28 U.S.C. § 2254, *see United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000), the actions at issue in the Preliminary Injunction Motion do not relate to such a challenge. Instead, Petitioner specifically seeks to enjoin "Defendant and 5 of his staff/agents, Ms. Rodriguez, Mr. Kerr, Mr. Bera, Mr. Graph, and Mr. Settles[,] Tecumseh's Chairpersons and Sgt/Cpl's" from "targeting and antagonizing" Petitioner and requiring them to "stay away from Petitioner's cell." Filing No. 14 at 1-2.

First, there is no "defendant" in the instant action. Second, Petitioner seeks to enjoin individual prison employees from taking (or continuing to take) certain actions against him while he is incarcerated which he believes has/will affect his ability to earn good time credits and secure his release. 42 U.S.C. § 1983, not an action brought pursuant to 28 U.S.C. § 2254, is the appropriate forum to raise such claims.

Petitioner must first fully and properly exhaust all available administrative remedies in connection with his retaliation claims and then file an action under § 1983 raising those retaliation claims against the appropriate defendants. *Smith v. Christopher*, No. 5:18CV00153-SWW-JTR, 2019 WL

2

2062552, at *2 (E.D. Ark. Mar. 26, 2019), report and recommendation adopted, No. 5:18CV00153-SWW-JTR, 2019 WL 2062500 (E.D. Ark. May 9, 2019). For these reasons, the Preliminary Injunction Motion shall be denied.

## II.  THE DEFAULT JUDGMENT AND THE OBJECTION TO DEADLINE EXTENSION MOTIONS

In his Default Judgment Motion, Petitioner appears to seek entry of an order finding that Respondent failed to comply with this Court's October 6, 2025, Memorandum and Order, Filing No. 9, requiring Respondent to file a motion for summary judgment by November 20, 2025, or an answer to the Petition. Filing No. 19. In his Objection to Deadline Extension Motion, Petitioner appears to request that any future extensions requested by Respondent relating to answering the Petition be denied. Filing No. 20. However, Respondent did timely file a motion for summary judgment, a brief in support, and supporting state court records on November 14, 2025. *See* Filing Nos. 15, 16, 17, & 18. As such, the Default Judgment Motion and the Objection to Deadline Extension Motion shall be denied as moot.

## III.  THE DISCOVERY MOTION

In his Discovery Motion, Petitioner seeks to obtain a multitude of documents including misconduct reports, "Dreamsheets", and what appear to be copies of orders and other documents filed prior to the institution of this proceeding from the "central office records division". Filing No. 24. It appears Petitioner needs the requested documents to support his claim in the Petition. *Id.* However, at this time Petitioner's motion shall be denied as premature as Respondents' motion for summary judgment is ripe for review by this Court. *See* Filing Nos. 15–18, 22–23, 25. Petitioner may reassert his Discovery Motion following the adjudication of the motion for summary judgment by this Court if Respondent does not prevail.

Therefore, the Discovery Motion shall be denied without prejudice.

### IV. THE MOTION TO APPOINT COUNSEL

Petitioner seeks the appointment of counsel arguing that counsel is necessary to assist him in litigating the instant matter in light of "bullying tactics" being employed by the institution where he is currently housed. Filing No. 21. As noted in this Court's prior Memorandum and Order addressing Petitioner's previous motion seeking the appointment of counsel, federal courts shall generally not appoint counsel unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. Filing No. 12 at 2–3 (citing *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts*). While Petitioner alleges his ability to investigate his claim has recently been impaired by prison staff, until the motion for summary judgment is resolved, Petitioner need not take any further action.

As such, the Motion to Appoint Counsel shall be denied without prejudice to reassertion following the resolution of Respondents' motion for summary judgment.

### V. THE MOTION FOR SERVICE EXTENSION

In his Motion for Service Extension, Petitioner requests additional time be granted, if needed, to serve Respondent any motions he previously filed. Filing No. 26. As cause, Petitioner argues that because he had been on a property restriction by the prison, he was unable to make copies of his finished documents to serve Respondent. *Id.* at 1. The Motion for Service Extension shall be denied as moot because the Petition and Petitioner's other motions have already been served on the Nebraska Attorney General, as counsel for Respondent, through the Court's electronic case filing system ("CM/ECF").

IT IS THEREFORE ORDERED that:

1. The Default Judgment Motion, Filing No. 19, the Objection to Deadline Extension Motion, Filing No. 20, and the Motion for Service Extension, Filing No. 26, are denied as moot.

2. The Discovery Motion, Filing No. 24, and the Motion to Appoint Counsel, Filing No. 21, are denied without prejudice to reassertion following the resolution of Respondents' motion for summary judgment.

3. The Preliminary Injunction Motion, Filing No. 14, is denied without prejudice.

4. To the extent Petitioner wishes to bring his claims set forth in the Preliminary Injunction Motion pursuant to 42 U.S.C. § 1983, the Clerk of the Court is directed to send Plaintiff the Form Pro Se 14 ("Complaint for Violation of Civil Rights (Prisoner)").

Dated this 20th day of January, 2026.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge