IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN L. BALLARD,

Petitioner,

vs.

ROB JEFFREYS,

Respondent.

**8:25CV547**

**MEMORANDUM AND ORDER**

The matter is before the Court on a motion for summary judgment filed by Respondent (the "MSJ"), Filing No. 15, and motions seeking to strike Respondent's reply brief in support of the MSJ, Filing No. 29, and requesting this Court rule on the MSJ, Filing No. 30, both filed by Petitioner Kevin L. Ballard ("Petitioner"). For the reasons that follow Respondent's MSJ shall be granted, the Petition shall be dismissed with prejudice, and Petitioner's motions shall be denied as moot.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] The moving party bears the initial responsibility of informing the court of the basis for the motion and must

[1] Rule 56 of the Federal Rules of Civil Procedure applies to habeas proceedings pursuant to Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") and Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."). However, "summary judgment principles apply on federal habeas only to the extent they do not conflict with habeas rules." Brian R. Means, Federal Habeas Manual § 8:36.

identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted. *Smith-Bunge v. Wisconsin Cent., Ltd.,* 946 F.3d 420, 424 (8th Cir. 2019).

## II. DISCUSSION

The following facts are not in dispute. On July 2, 2014, Petitioner was sentenced to a term of imprisonment of 20 months to 5 years in *State v. Ballard*, CR 13-1030, District Court of Lancaster County. Filing No. 16-1 at 2. On September 3, 2015, Petitioner was sentenced to a term of 20 months to 60 months for Count I, and to an additional term of 20 months to 60 months for Count II in *State v. Ballard*, CR 14-1413, District Court of Lancaster County, Nebraska. Filing No. 16-2 at 2-3. The sentences in CR 13-1030 and CR 14-1413 run consecutively to each other. Filing No. 16-2 at 3. On or about May 18, 2015,

Petitioner was sentenced to a term of imprisonment of 1 to 1 years in *State v. Ballard*, CR 15-285, District Court of Sarpy County, Nebraska. Filing No. 16-3 at 2. This sentence also runs consecutively to all other sentences. *Id*. On July 20, 2020, Petitioner was sentenced to a term of imprisonment of 1 to 2 years in *State v. Ballard*, CR 19-1420, District Court of Lancaster County, Nebraska. Filing No. 16-4 at 2. This sentence again runs consecutive to all other sentences. *Id.* It, thus, appears Petitioner is currently serving a 7-to-18-year prison sentence which began on July 4, 2014, *see* Filing No. 16-1 at 2; Filing No. 16-8 at 2, though Petitioner disputes that calculation, see Filing No. 22 at 3.

The entirety of Petitioner's Petition addresses the sentence imposed upon Petitioner by the Sarpy County District Court and the Nebraska Department of Correctional Services' ("NDCS") calculation of that sentence and good time credits. *See* Filing No. 1. Specifically, Petitioner argues that his good time credits have been miscalculated, and as a result, although he has served the entirety of what he alleges is his 15-year sentence, he remains in state custody without the state having the legal authority to do so. Filing No. 1 at 5.

Respondent disagrees, arguing that it is unclear how Petitioner calculated his alleged release date, and that Petitioner is incorrect as Petitioner is serving an aggregate maximum sentence of 18 years, has received all the good time credit he is entitled to, and his tentative release date—the date in which discharge from custody becomes mandatory—is on or about August 28, 2028. Filing No. 18 at 3. Instead, Respondent contends that granting summary judgment in this case is appropriate as "the undisputed material facts demonstrate that [Petitioner's] claim is 1) without merit because he is still serving a valid sentence, 2) he has failed to exhaust his state court

remedies as set forth in 28 U.S.C. § 2254(b)(1)(A); and 3) he has likely procedurally defaulted his claim." Filing No. 15 at 2.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—the applicant has exhausted the remedies available in the courts of the State…." 28 U.S.C. § 2254(b)(1)(A). As a result, "a state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). Generally, if a federal habeas petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claims, the claim is not exhausted. *Kenley v. Armontrout,* 937 F.2d 1298, 1302 (8th Cir.1991). The Supreme Court of the United States has explained the basis for the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan*, 526 U.S. at 845.

In Nebraska, "one complete round" ordinarily means that each § 2254 claim was presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly[2] or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005). If a petitioner fails to exhaust his state remedies by giving the state courts one full round of review, but there remains an action

[2] Where a life sentence has been imposed in a criminal case, the appeal goes directly to the Nebraska Supreme Court. Neb. Rev. Stat. § 24-1106.

in the state courts allowing for the habeas claim to be raised, a petition is appropriately dismissed without prejudice to allow for exhaustion of those claims. *See Hampton v. Miller*, 927 F.2d 429, 430–31 (8th Cir. 1991).

Germane here, in both his brief in opposition to Respondent's Motion for Summary Judgment, Filing No. 23, and response to Respondent's Statement of Undisputed Material Facts, Filing No. 22, Petitioner does not contest that he has pursued, without success, a number of state habeas and other actions concerning the same issue presented in this case—namely, whether he has completed serving his sentence.[3] He also does not meaningfully dispute that he has failed to appeal any of those state actions,[4] resulting in his failure to exhaust the claims he now raises before the state courts. A review of the record further confirms Petitioner's failure to exhaust.

Because Petitioner is essentially claiming that he is being detained without any legal authority because he is being held in custody by the state past the date on which, according to him, NDCS was required to discharge him, a state writ of habeas corpus[5] would be the appropriate mechanism to

[3] Respondent, in his Statement of Undisputed Material Facts, stated that, "[b]roadly speaking, the Petition [in *Ballard v. NDCS*, CI 25-3026,] discusses [Peitioner's] sentence and NDCS's calculation of his sentence, as well as good time credit. The gravamen of the petition is the same to the instant case," Filing No. 17 at 3 (internal docket citation omitted), to which Petitioner responded, "[t]rue. It may be off by a few days," Filing No. 22 at 5. Respondent further stated that "[t]he Petition [in *Ballard v. NDCS, et al.*, CI 25-3457,] complains of issues arising from a miscalculation over Ballard's sentence by NDCS. The gravamen of the complaint is essentially the same to the instant case, as well as to *Ballard v. NDCS*, CI 25-3026.." Filing No. 17 at 4 (internal docket citation omitted). Petitioner responded "[t]rue, been blackballed." Filing No. 22 at 5. Respondent also stated that, "[b]roadly speaking, the Petition [in *Ballard v. Sarpy District Court, et al.*, CI 25-3660,] discusses his sentence imposed by the Sarpy County District Court, and NDCS's calculation of that sentence and good time. Liberally construed, the gravamen of the petition is the same to the instant case, as well as to *Ballard v. NDCS*, CI 25-3026, and *Ballard v. NDCS, et al.*, CI 25-3457." Filing No. 17 at 5 (internal docket citation omitted). Petitioner responded, "[n]ot sure." Filing No. 22 at 5.

[4] *Compare* Respondent's Statement of Undisputed Material Facts, paragraphs 14, 18, and 22 at Filing No. 17 at 3-5, *with* Petitioner's responses in Filing No. 22 at 5.

[5] A writ of habeas corpus is a statutory remedy in Nebraska that is available to those persons falling within the criteria established by Neb. Rev. Stat. § 29-2801, namely, those who are detained without having been convicted of a crime and committed for the same, those who are unlawfully deprived of

challenge his detention. *See Schaeffer*, 991 N.W.2d at 668 (although the Court concluded the inmate was not entitled to immediate release, it noted that his allegations that he had completed his sentence was properly brought as a petition for writ of habeas corpus).

Petitioner has sought habeas relief in Nebraska state courts, alleging the same general claim as he does here—namely, that NDCS has miscalculated his sentence and that he is not receiving the appropriate amount of good time credit to which he is entitled. *See* Filing Nos. 16-5 and 16-7. He has also brought an additional state case challenging his sentence calculation, generally. *See* Filing 16-6. The first state habeas petition, filed by Petitioner on September 2, 2025 (the "First State Habeas"), was dismissed with prejudice by the state district court finding that Petitioner "fail[ed] to state any cause of action for habeas corpus. The application raises various allegations relating to how his time is being calculated under several sentences. However, those allegations do not translate to the petitioner serving a void sentence such that a writ of habeas corpus should issue." *Id.* at 10. As of the date of this Memorandum and Order, Petitioner has not filed an appeal of the dismissal of the First State Habeas, therefore it was not subjected to a full round of review and is unexhausted at this time.

On October 1, 2025, Petitioner filed a motion to proceed in forma pauperis and a complaint in the District Court of Lancaster County, Nebraska, alleging a miscalculation of sentence by NDCS (the "State Complaint"). Filing No. 16-6 at 4-8. The motion to proceed in forma pauperis was rejected by the district court on October 2, 2025, on the grounds that Petitioner was asserting legal positions that were frivolous or malicious, and that the proposed

---

their liberty, or those who are detained without any legal authority. *Schaeffer v. Gable*, 991 N.W.2d 661, 667 (Neb. 2023) (citing *Johnson v. Gage*, 858 N.W.2d 837 (Neb. 2015)).

complaint failed to state any action for which relief could be granted. *Id.* at 18. Petitioner was granted 30 days to pay the filing fee, which, to date, has not been paid, and Petitioner did not appeal the denial of his in forma pauperis motion. *See* Filing No. 16-10 at 2. Therefore, the State Complaint also is unexhausted as it has not received a full round of review by the state courts.

On October 17, 2025, Petitioner filed an application to proceed in forma pauperis and a petition for a writ of habeas corpus in Lancaster County District Court (the "Second State Habeas"). Filing No. 16-7 at 2-20. Similar to the First State Habeas, the Second State Habeas attacks the sentences imposed and NDCS's calculation of good time credits. *Id.* at 12-20. On October 20, 2025, the district court found that the Petition did not state a cause of action for habeas corpus and therefore was dismissed with prejudice. *Id.* at 24-25. As of the date of this Memorandum and Order Petitioner has not filed a notice of appeal, rendering the Second State Habeas unexhausted as it has not received a full round of review by the state courts.

As none of the claims raised in the Petition were given a full round of review by the Nebraska state courts, the Court finds that the claims set forth in the Petition are unexhausted and the Petition must be dismissed. However, as dismissal of unexhausted claims which still have the potential to be exhausted versus dismissal of claims as procedurally defaulted and unable to obtain review via an independent and adequate state law is generally the difference between dismissal of a petition with or without prejudice, *see* *Whitecalf v. Young*, No. 14-CV-5072, 2015 WL 5177966, at *7 (D.S.D. Sept. 4, 2015) (comparing *Armstrong v. Iowa*, 418 F.3d 924, 926–27 (8th Cir. 2005) (dismissal with prejudice is appropriate where the ground for dismissal is procedural default) with *Carmichael v. White,* 163 F.3d 1044, 1045–46 (8th Cir.1998) (dismissal for failure to exhaust state remedies where state remedies

remain available to petitioner should be a dismissal without prejudice)), this Court must undertake a procedural default analysis to determine whether the Petition must be dismissed with or without prejudice.

"A procedural default occurs when a state procedure bars a petitioner's claim and the state court 'clearly and expressly' relied on that bar." *Grayer v. McKee*, 149 F. App'x 435, 441 (6th Cir. 2005) (quoting *Harris v. Reed,* 489 U.S. 255, 263 (1989)); *Helms v. Bowerman*, 785 F. App'x 274, 279 (6th Cir. 2019) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims, has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012).

Under Nebraska law, Petitioner was required to appeal the district court's dismissal of the First and Second State Habeas matters within 30 days, *see* Neb. Rev. Stat. § 25-1912, but he did not. Nor did he appeal the denial of his in forma pauperis motion in the State Complaint matter. In the event an unexhausted claim has not actually been raised and rejected by the state courts on a procedural ground, so no basis for denial has been stated by the state courts, the claim still is subject to an anticipatory procedural default and is precluded from federal habeas review if it is clear the claim would be rejected because of an independent and adequate state procedural rule "regardless of the decision of the last state court to which the petitioner actually presented his claims." *Coleman*, 501 U.S. at 735 n.1 (citing *Harris*, 489 U.S. at 269–270 (O'Connor, J., concurring)); *Teague*, 489 U.S. at 297–98). Such is the case here as the 30-day periods for appealing the First and Second State Habeas and the State Complaint denials have long passed.

Because Petitioner attempts to provide some explanation for his failure to exhaust his claims before the state courts, *see* Filing No. 22 at 5, this Court shall undertake a brief review of whether Petitioner established cause for excusing procedural default of his current claims.

> 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the [petitioner] has exhausted the remedies available in the courts of the State." Because "this requirement . . . refers only to remedies available at the time of the federal [application for a writ of habeas corpus]," *Engle v. Isaac,* 456 U.S. 107, 126, n. 28, (1982), it is satisfied "if it is clear that [the petitioner's] claims are now procedurally barred under [state] law," *Castille v. Peoples,* 489 U.S. 346, 351 (1989). However, *the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence [and, thus,] prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default*. *Teague v. Lane,* 489 U.S. 288, 298 (1989); *Isaac,* 456 U.S. at 126, n. 28; *Wainwright v. Sykes,* 433 U.S. 72, 90-91 (1977).

*Gray v. Netherland,* 518 U.S. 152, 161–62 (1996) (emphasis added). To establish cause Petitioner must show something beyond his or his counsel's control, such as state interference, which actually prevented a claim from being raised in state court. *Zeitvogel v. Delo*, 84 F.3d 276, 279 (8th Cir.1996). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753.

Here, Petitioner's "explanations" for his failure to exhaust the First State Habeas and the State Complaint are far from providing cause to excuse any

procedural default.[6] In response to Respondent's statements of undisputed material fact that Petitioner failed to appeal the denial of the First State Habeas, Petitioner simply responded "plead the 5th." Filing No. 22 at 5. While it is unclear whether Petitioner's response indicated he was not responding to the fact as stated by Respondent or whether he was refusing to provide the reason why he did not file an appeal, such a response is not cause to excuse a procedural default. Petitioner's stated basis for failing to appeal against the denial of the State Complaint is a lack of funds. *Id.* While this Court presumes Petitioner's response correlated to the denial of his motion to proceed in forma pauperis filed in conjunction with the State Complaint, the failure to explain why he never attempted to appeal that denial precludes excuse for cause as no cause is provided.

As all of the claims set forth in the Petition were not exhausted by a full round of review before the state courts, and as it is clear the claims in the Petition would be rejected because of independent and adequate state procedural rules rendering them procedurally defaulted, all of Petitioner's claims are precluded from federal habeas review. Dismissal of this matter with prejudice is appropriate.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The Court has applied the appropriate

[6] Petitioner provides no reason for failing to appeal the Second State Habeas, instead indicating he is unsure if he attempted to do so. Filing No. 22 at 5.

standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED:

1. Respondent's Motion for Summary Judgement, Filing No. 15, is granted and Petitioner's Petition is dismissed with prejudice.

2. Petitioner's motion seeking to strike Respondent's brief, Filing No. 29, and a motion requesting this Court to rule on the Motion for Summary Judgment, Filing No. 30, are denied as moot.

3. The Court will not issue a certificate of appealability in this matter.

4. The Court will enter a separate judgment in accordance with this Memorandum and Order.

Dated this 12th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge